IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**KELVIN LORENZO McDANIEL,**

    **Plaintiff,**

v.                                                            **Civil Action No. 2:07cv99**
                                                                       **(Judge Maxwell)**

**JOE D. DRIVER,**

    **Defendant.**

**ORDER
GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES**

On December 4, 2007, the *pro se* plaintiff filed this mandamus action with the Court. Following a Notice of deficient Pleading, the plaintiff, on December 14, 2007, filed a Motion for Leave to Proceed *in forma pauperis*, a certified copy of his trust fund account statement with supporting ledger sheet, and a consent to collection of fees from trust account.

28 U.S.C. § 1915 requires prisoners to pay the full filing fee, $350.00, when bringing a civil action in forma pauperis. 28 U.S.C. § 1915 (b)(1) (1996). If, however, insufficient funds exist in the prisoner's account to pay the full filing fee at the time of filing, the court must assess and, when funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period. Id. Thereafter, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income. Id. The agency having custody of the prisoner

must forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the filing fee is paid in full. Id. When filing an application to proceed without prepayment of fees, the prisoner must submit an affidavit alleging that he is unable to prepay court filing fees. The prisoner must include a statement of all assets that a prisoner possesses and a certified copy of the trust fund account statement for the prior six-month period. 28 U.S.C. §1915 (a)(1) & (2).

Because it appears that insufficient funds exist in Plaintiff's account to pay the full filing fee at this time, Plaintiff's request to proceed without prepayment of fees is GRANTED. Plaintiff' trust account statement reflects a balance of $0.31 and six month average balance of $0.31. Accordingly, consistent with the provisions of 28 U.S.C. § 1915, this Court hereby ORDERS that:

    1. A copy of this Order shall be forwarded to the Trustee Officer of the institution having custody of Plaintiff along with a copy of the executed consent to collection of fees from trust account form.

    2. Based on Plaintiff's trust account statement for the six-month period preceding the filing of this action, the Court will not require Plaintiff to pay the initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A), but he shall be assessed the total $350.00 filing fee.

    3. Pursuant to the consent to collection of fees from trust account form executed by Plaintiff, the Trustee Officer of the institution having custody of Plaintiff shall (a) forward to the Financial Deputy Clerk, in the form of a check or money order payable to "Clerk, U.S. District Court," P. O. Box 1518, Elkins, West Virginia 26241, 20% of the preceding month's income credited to the account toward the filing fee and shall forward such assessments to the Financial Deputy Clerk of Court in the form of a check or money order at the above-mentioned address each

time the amount in the account exceeds $10.00, until the full filing fee ($350.00) is paid. Payments shall be clearly identified with the name and number assigned to this action. At the time the filing fee is paid in full, the Financial Deputy of Court shall file with the Court a notice that the filing fee has been paid;

4. Any recovery in this action will be subject to an applicable service of process fee assessed by the U.S. Marshal;

5. Plaintiff shall notify the Clerk of Court immediately upon his transfer or release and shall provide a new address if known. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS MAY RESULT IN DISMISSAL OF THIS CASE WITHOUT PREJUDICE;

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this Order to Plaintiff, to the Financial Deputy Clerk of Court, and to the Trustee Clerk of the institution having custody of Plaintiff.

DATED: December 17, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE